CR 22-348 JNE/LIB

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **INDICTMENT** |
| Plaintiff, | )<br>)<br>) | 18 U.S.C. § 1343 |
| v. | )<br>) | |
| GALE ALLEN RACHUY, | )<br>) | |
| Defendant. | ) | |

THE UNITED STATES GRAND JURY CHARGES:

## INTRODUCTION

At times relevant to the Indictment:

1. From at least in or about March 2022 through at least in or about April 2022, the defendant, GALE ALLEN RACHUY, defrauded and attempted to defraud Victim A based on his false representation that he operated a law firm and would represent Victim A in a legal proceeding along with his purported law partners, former federal and state court judges, in exchange for $10,000 in legal fees.

### *The Defendant and Related Entities*

2. Defendant GALE ALLEN RACHUY was a resident of Duluth, Minnesota.

3. Judge A was a retired federal judge who previously served on the Seventh Circuit Court of Appeals.

4. Judge B was a retired Hennepin County District Court judge.

5. Midwest Legal Service was a purported law firm held out by RACHUY to include several attorneys, including Judge A and Judge B. RACHUY claimed to



United States v. Gale Allen Rachuy

have operated Midwest Legal Service for more than 38 years in the area of Duluth, Minnesota. In reality, Midwest Legal Service was not a law firm and was not a registered business with the Minnesota Secretary of State.

6.      Victim A was a resident of Fayetteville, Arkansas. Victim A sought RACHUY's legal services in connection with his post-conviction motion under 18 U.S.C. § 2255 in the United States District Court for the Western District of Arkansas.

## THE SCHEME TO DEFRAUD

7.      From at least in or about March 2022 through at least in or about April 2022, in the State and District of Minnesota and elsewhere, the defendant,

### GALE ALLEN RACHUY,

did knowingly and intentionally devise and execute a scheme and artifice to defraud and to obtain money from Victim A by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts.

8.      The objective of the scheme to defraud was for RACHUY to obtain payment of money from Victim A for legal services relating to Victim A, and thereby enrich himself.

9.      It was part of this scheme that on or about March 10, 2022, RACHUY sent a letter to Victim A on Midwest Legal Service letterhead regarding representing Victim A in a post-conviction habeas proceeding. The letter falsely claimed that Midwest Legal Service consisted of seven attorneys and two former attorneys who "joined together to provide legal writings to various law firms and solo practitioners." The letter further stated that Judge A would assist in Victim A's legal representation.

United States v. Gale Allen Rachuy

The letter enclosed a copy of the retainer agreement for Victim A's legal representation by Midwest Legal Service.

10. It was further part of the scheme that on or about March 14, 2022, RACHUY sent an email to Victim A in which he impersonated Judge B. In the email, RACHUY discussed Victim A's case and the details of his legal representation and fees. In the email, RACHUY wrote that "[Judge A] stated this would be the final case he's involved in and I stated the same." RACHUY signed the email with the initials for Judge B.

11. It was further part of the scheme that on or about March 15, 2022, RACHUY sent an email to Victim A with his bank routing information for Victim A to transfer the retainer fee. In the email, RACHUY asked Victim A to send him the signed retainer agreement.

12. It was further part of the scheme that on or about March 15, 2022, RACHUY and Victim A entered a Retainer Agreement for Midwest Legal Service to provide legal representation to Victim A relating to his post-conviction habeas proceeding. In the agreement, RACHUY falsely represented that Victim A would be represented by Judge A and Judge B on behalf of Midwest Legal Service. In reality, Midwest Legal Service was not a law firm and neither Judge A nor Judge B were legal partners of RACHUY or would be assisting with Victim A's legal representation. The agreement was signed by Victim A and RACHUY, on behalf of Midwest Legal Services.

13. It was further part of the scheme that on or about March 15, 2022, RACHUY received the $2,500 retainer from Victim A via wire from Victim A's

United States v. Gale Allen Rachuy

Northwest Arkansas Federal Credit Union account in Fayetteville, Arkansas, to RACHUY's Wells Fargo bank account in Duluth, Minnesota. The information line of the wire referenced that the wire was for the retainer of the legal representation of Victim A.

14.     Shortly thereafter, Victim A confronted RACHUY when he became suspicious that he was being defrauded by RACHUY because he had not received a draft of the legal documents that RACHUY had promised were to be filed by April 1, 2022. In a text message to Victim A dated March 29, 2022, RACHUY promised Victim A that he would refund the $2,500 that afternoon. RACHUY never refunded Victim A the money, and instead continued to falsely assure him that they were working on his case. For example, on March 31, 2022, RACHUY sent Victim A a text message stating that "[Judge B] just got back and is working on it now. I can't bother him when his door is closed. Breaks his concentration." Further, on March 31, 2022, RACHUY sent Victim A a text message stating, "I think your case was done last week except for proof reading and footnotes." When Victim A continued to confront RACHUY about not seeing the legal brief, RACHUY sent Victim A a text message on April 1, 2022, stating, "Sorry we weren't able to help you. You are too impatient and demanding," and that "[Judge B] told you you'd get a copy of the draft once it was reviewed by [Judge A], but you just couldn't wait." RACHUY told Victim A "I believe they will graciously want me to refund even though your brief is complete." Despite repeatedly assuring Victim A that he would refund the money to him, RACHUY, to date, has not refunded Victim A the money.

United States v. Gale Allen Rachuy

15. In total, as a result and in furtherance of his scheme to defraud, RACHUY received approximately $2,500 in payment from Victim A.

## Count 1
(Wire Fraud)

16. Paragraphs 1 through 13 are incorporated by reference as if fully set forth herein.

17. On or about the dates set forth below, in the State and District of Minnesota and elsewhere, the defendant,

GALE ALLEN RACHUY,

did knowingly and unlawfully devise and participate in a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, omissions, and promises, which scheme and artifice is set forth above; and for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, knowingly transmitted and caused to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, and sounds, including, but not limited to, the wire described below:

| Count | Date of Wire (on or about) | Wire Details |
|---|---|---|
| 1 | March 15, 2022 | A wire transfer of approximately $2,500 from Victim A to RACHUY that passed through servers outside the State of Minnesota |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS

<u>United States v. Gale Allen Rachuy</u>

18. Count 1 of this Indictment is incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

19. As the result of the offense alleged in Count 1 of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) in conjunction with Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violations alleged in Count 1 of the Indictment.

20. If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____       _____
UNITED STATES ATTORNEY                FOREPERSON