UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-cr-348 (JNE/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Gale Allen Rachuy, | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge, pursuant to a general assignment made in accordance with 28 U.S.C. § 636, upon the parties' various pretrial Motions. Pursuant to a request from the parties, the Court took the parties' Motions under advisement on the written submission of the parties.

The Court addresses the parties' Motions as follows.

**I.      Government's Motion for Discovery. [Docket No. 17].**

The Government seeks discovery pursuant to Rules 16(b), 12.1, 12.2, 12.3, and 26.2 of the Federal Rules of Criminal Procedure, as well as, Rules 702, 703, and 705 of the Federal Rules of Evidence. (See Gov't's Mot. for Discovery [Docket No. 17]).

**A. Inspection and Copying Pursuant to Rule 16(b)**

**1.   Documents and Tangible Objects**

The Government requests that the Court order Defendant to permit inspection and copying of all books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

Defendant did not object to the request. The motion is granted, and Defendant shall disclose any such responsive materials no later than fourteen (14) days before trial.

2. **Reports of Examinations and Tests**

The Government further requests all results and reports of physical or mental examinations and of scientific tests or experiments made in connection with the above captioned matter, or copies thereof, within the possession or control of Defendant, which Defendant intends to introduce as evidence in his case-in-chief at trial or which were prepared by a witness whom Defendant intends to call at trial.

Defendant did not object to this request. Defendant shall disclose any such responsive materials no later than fourteen (14) days before trial.

3. **Expert Testimony**

The Government also seeks a written summary of expert testimony Defendant intends to use under Rule 702, 703, and 705 of the Federal Rules of Evidence as evidence at trial. The Government asserts that the summary must describe the opinions of the expert witnesses, the basis and reasons therefore, and the witnesses' qualifications. The Government requests that such expert disclosures for both parties be made thirty days before trial.

The Government's request for an Order directing Defendant to disclose a written summary of expert testimony Defendant intends to use as evidence at trial is, however, moot. In compliance with Federal Rule of Criminal Procedure 16(a)(1)(G), the Court previously issued an Order, [Docket No. 14], ordering the parties to disclose the identity of any expert witness and make all expert disclosures required by Federal Rule of Criminal Procedure 16 no later than twenty-eight days before trial.

Therefore, to the extent the Government's Motion for Discovery, [Docket No. 17], seeks an Order of this Court requiring Defendant to disclose a written summary of expert testimony Defendant intends to use under Rule 702, 703, and 705 of the Federal Rules of Evidence as evidence at trial, the Government's Motion for Discovery, [Docket No. 17], is denied as moot.

### B. Notice of Alibi Defense

Pursuant to Federal Rule of Criminal Procedure 12.1, the Government seeks an Order from the Court requiring Defendant, if he intends to claim alibi as a defense, to state the specific place or places at which Defendant claims to have been at the time of the alleged offenses in the above captioned matter and the names and addresses of the witnesses upon whom Defendant intends to rely to establish such alibi.

Defendant did not object to this request. The motion is granted, and Defendant shall give notice of same pursuant to Rule 12.1 as soon as practicable and in no event later than fourteen (14) days before trial.

### C. Notice of Insanity/Mental Illness Defense

In addition, pursuant to Federal Rule of Criminal Procedure 12.2, the Government requests the Court to order Defendant, if he intends to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of Defendant relevant to the issue of guilt, to provide the Government notice of such defense.

Defendant did not object to this request. The motion is granted, and Defendant shall give notice of same pursuant to Rule 12.2 as soon as practicable and in no event later than fourteen (14) days before trial.

**D. Public Authority**

Furthermore, pursuant Federal Rule of Criminal Procedure 12.3, the Government seeks an Order from the Court requiring Defendant, if he intends to rely upon the defense of actual or believed exercise of public authority, to notify the Government of the agency involved and the time during which Defendant claims to have acted with public authority.

Defendant did not object to this request. The motion is granted, and Defendant shall give notice of same pursuant to Federal Rule of Criminal Procedure 12.3 as soon as practicable and in no event later than fourteen (14) days before trial.

**E. Witness Statements**

The Government seeks all statements within Defendant's possession or control of any witness that Defendant intends to call in connection with a suppression hearing, detention hearing, trial, or sentencing.

Defendant did not object to this request. The motion is granted. To the extent Defendant has statements in his possession or control of any witness that he intends to call to testify in connection with a suppression hearing, detention hearing, trial, or sentencing, Defendant shall disclose such statements to the Government no later than three (3) days before such witness is called to testify.

**II.     Defendant's Motion for Discovery and Inspection. [Docket No. 34].**

In paragraphs 1–5 of his Motion for Discovery and Inspection, Defendant seeks discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure. (Def.'s Mot. [Docket No. 34] ¶¶ 1–5). For example, Defendant seeks disclosure of any written, recorded, or oral statements made by Defendant or copies thereof in the possession, custody, or control of the Government, as well as, a copy of his criminal history. (<u>See</u> Def.'s Mot. for Discovery [Docket

4

No. 34]). Furthermore, Defendant requests permission to inspect and/or copy books, papers, documents, photographs, and tangible objects in the possession, custody, or control of the Government and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at the trial, or were obtained from or belonged to the Defendant. Defendant also requests permission to inspect and copy the results of any physical or mental examinations or scientific tests or experiments.

Defendant's request for Rule 16 materials, contained in paragraphs 1–5 of his Motion, is granted, as set forth herein. The Government shall disclose any subsequently acquired materials or information which are specifically responsive to Rule 16 to the Defense as soon as said responsive materials are discovered by the Government and in any event by no later than fourteen (14) days before trial.

This is not, however, the only discovery Defendant seeks in the present Motion.

In paragraphs 6 and 22 of his Motion, Defendant requests written summaries of any expert opinion the Government intends to use in its case-in-chief, including said expert witnesses' qualifications and opinions, as well as, the basis for those opinions. (Def.'s Mot. [Docket No. 34]). As noted above, however, the parties' request for the disclosure of expert materials is moot because the Court previously issued an Order, [Docket No. 14], directing the parties to disclose the identity of any expert witness and make all expert disclosures required by Federal Rule of Criminal Procedure 16 no later than twenty-eight days before trial. Therefore, to the extent the Defendant's Motion for Discovery and Inspection, [Docket No. 34], seeks an Order of this Court directing the Government to disclose a written summary of expert testimony it intends to use under Rule 702, 703, and 705 of the Federal Rules of Evidence as evidence at trial, Defendant's Motion for Discovery and Inspection, [Docket No. 34], is denied as moot.

Defendant also seeks myriad information outside the scope of Rule 16. For example, in paragraph 7 of his Motion, Defendant seeks the disclosure of a description of the circumstances surrounding any search which occurred in the investigation of the present case. In that same vein, paragraph 10 of Defendant's Motion seek the disclosure of a list of all persons who witnessed the incident described in the Indictment who the Government is not intending to call as a witness at trial. In paragraph 8, Defendant seeks identifying information for all co-conspirators, whether or not charged, as well as, all statement of said co-conspirator and any report regarding those statements.[1] In paragraph 11, Defendant seeks copies of all statement by any person who witnessed the incident described in the Indictment, regardless of whether or not the Government intends to call said person as a witness.[2] Paragraph 18 of Defendant's Motion seeks information regarding any "previous undercover operations involving" Defendant and any "confidential informants or government witnesses in the case at bar."

These requests are outside the scope of Rule 16, and Defendant fails to provide any legal authority in support of these requests.[3] Therefore, to the extent the Defendant's Motion for

---

[1] To the extent Defendant's Motion can be construed as a request for an Order from the Court requiring any law enforcement agent, to retain and preserve all rough notes taken as part of their investigations, whether or not the contents of such rough notes are incorporated in official records, Defendant's Motion is granted regarding rough notes as to retention only at this time. If Defendant seeks production or disclosure of rough notes, he will need to bring a separate motion for such production.

[2] To the extent the information requested by Defendant would fall within the category of materials governed by the Jencks Act, Defendant has failed to provide any citation to authority which would allow the Court to require early disclosure of Jencks Act material. Generally, the case law provides that the Court may not require the Government to make early disclosure of Jencks Act material. See, e.g., United States v. Alexander, 736 F. Supp. 968, 981 (D. Minn. 1990); United States v. White, 750 F.2d 726, 727 (8th Cir. 1984); United States v. Wilson, 102 F.3d 968, 971–72 (8th Cir. 1996). Nevertheless, in its written response, the Government voluntarily agreed to provide all Jencks Act materials to the Defense by no later than three business days before trial. The Court encourages such voluntarily agreements.

[3] Federal Rule of Criminal Procedure Rule 16 is the primary avenue available to a criminal defendant seeking discovery. United States v. Siewert, No. 8-cr-4 DWF/SRN, 2008 WL 3165852, at *2 (D. Minn. June 10, 2008) (citing 3D *Federal Practice and Procedure* Rule 16 Summary, at 206 (2008 ed.)). Generally, a criminal defendant has no general constitutional right to discovery from the Government beyond Rule 16. Siewert, 2008 WL 3165852, at *2. "Neither Fed. R. Crim. P. 16(a), governing information subject to disclosure by the Government in criminal cases, nor any other federal rule or statute requires the Government to supply names of potential witnesses to a criminal defendant in a non-capital case." United States v. Hutchings, 751 F.2d 230, 236 (8th Cir. 1984); see United States v. Roach, 28 F.3d 729, 734 (8th Cir. 1994).

Discovery and Inspection, [Docket No. 34], seeks the disclosure of the materials or information referenced in paragraphs 7, 8, 10, 11, and 18, Defendant's Motion for Discovery and Inspection, [Docket No. 34], is denied.[4]

Defendant's Motion also seeks the disclosure of materials which would fall within the authority of Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); and their progeny. (Def.'s Mot. [Docket No. 34] ¶¶ 12, 15, 17). These requests are entirely duplicative of Defendant's separate Motions seeking this same information. The Court finds that to the extent Defendant's Motion seeks disclosure of information pursuant to Brady, Giglio, and their progeny, that request is duplicative of and best addressed in Defendant's Motions specifically seeking said materials.[5]

Defendant's Motion for Discovery and Inspection also seeks immediate disclosure of the identity of all informants used in the investigation of this case regardless of whether or not said informants will be called as a witness by the Government at trial, including the statements of said confidential informants, the identification of any previous operations involving the confidential informant, and all evidence ever gathered by said confidential informant on any case. (Def.'s Mot. [Docket No. 34] ¶¶ 16, 18, 19). The Government generically opposes Defendant's request for information related to confidential informants as beyond the scope of Rule 16.

Pursuant to the "Informer's Privilege," the Government is permitted "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Roviaro v. United States, 353 U.S. 53, 59 (1957)

---

[4] The denial of this Motion does not excuse the Government from disclosing the name and address of a witness if said disclosure is required by the Government's other discovery obligations, such as Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); and their progeny.

[5] The same is true for Defendant's request for Grand Jury materials in Defendant's Motion for Discovery and Inspection. This request for materials related to the Grand Jury is entirely duplicative of and best addressed in Defendant's separate Motion seeking Grand Jury materials.

(citations omitted). There are several exceptions to this privilege. Id. Of those, the one most pertinent to the present case takes into account the "fundamental requirements of fairness" and a defendant's need to prepare an adequate defense. See Id. at 60–61 ("Where the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.").

"[T]here is no litmus test for determining when disclosure [of an informant's identity] is required[.]" United States v. Lapsley, 334 F.3d 762, 764 (8th Cir. 2003); see Roviaro, 353 at 62 ("We believe that no fixed rule with respect to disclosure is justifiable."). However, the Eighth Circuit has indicated a Court ruling on a motion for disclosure of an informant's identity "must weigh the defendant's right to information against the government's privilege to withhold the identity of its confidential informants." Lapsley, 334 F.3d at 763–64 (internal quotation marks and citations omitted).

In the present case, the Court concludes that this balance is best served by requiring the Government to disclose to Defendant the identity of any informant, if any, whose testimony the Government intends to introduce at trial in the present case or whose identity is otherwise discoverable under Brady and its progeny, or the Government's other discovery obligations. However, the Government will not be required, at this time, to disclose the identity of any informant whose testimony it does not intend to introduce at the trial in the present case, unless the informant's identity is otherwise discoverable.

To the extent that Defendant's Motion seeks the disclosure of the identity of confidential informants, the Motion is granted in part and denied in part. The Government is not required at this time to immediately disclose the identity of all confidential informants unless the informants' identities are discoverable under Brady and its progeny, or the Government's other

8

discovery obligations. In the event that the Government determines that it will use any confidential informants as witnesses at trial, the Government shall disclose the identity of those informants to the Defendant at the same time the Government is required to disclose its other trial witnesses.

Defendant also seeks disclosure of any "similar acts of" Defendant the Government intends to offer as evidence at trial. (Def.'s Mot. [Docket No. 34] ¶ 20). This requested discovery falls under Federal Rule of Evidence 404(b). In its written response, the Government acknowledged its obligation to comply with Rule 404(b).

In relevant part, Rule 404(b)(3) provides that the Government must "provide reasonable notice of any" Rule 404(b) "evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it." Fed. R. Evid. 404(b)(3)(A). In that notice, the Government must also "articulate . . . the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

To the extent Defendant's Motion seeks the disclosure of Rule 404(b) evidence, Defendant's Motion for Discovery and Inspection, [Docket No. 34], is granted, as set forth herein. The Court orders the Government to disclose to the Defense as soon as practicable, and in no event later than fourteen (14) days before trial, formal notice of any specific 404(b) evidence it intends to offer, as well as, the purpose for which it intends to offer it into evidence at trial.[6]

For all the reasons discussed above, Defendant's Motion for Discovery and Inspection, [Docket No. 34], is granted in part and denied in part, as set forth herein.[7] To the extent the relief

---

[6] Federal Rule of Evidence 404(b) does not extend to evidence of acts which are "intrinsic" to the charged offense. United States v. Adediran, 26 F.3d 61, 63 (8th Cir. 1994) (standards applicable to evidence considered under Rule 404(b) do not apply to such "inextricably intertwined" evidence); see United States v. Williams, 900 F.2d 823 (5th Cir. 1990).

[7] As to the Defendant's request, in paragraph 9 of his Motion, for the immediate disclosure of a list of the Government's witnesses to be called at trial, this too is unsupported by Rule 16. The Government shall disclose its witness list for trial as required by the presiding trial judge or seven days before trial, whichever is earlier.

sought in Defendant's Motion for Discovery and Inspection, [Docket No. 34], was not expressly granted herein, it is denied.

### III. Defendant's Giglio Motion, [Docket No. 35], and Defendant's Motion for Disclosure of Brady Materials. [Docket No. 36].

Defendant seeks disclosure of evidence favorable to him which would fall within the authority of Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); and their progeny. (See Def.'s Giglio Mot. [Docket No. 35]; Def.'s Mot. for Disclosure of Brady Materials [Docket No. 36]).

In its written response, the Government acknowledged its duty to disclose responsive materials and information under Brady, Giglio, and their progeny. The Government asserts, however, that Defendant's Motion is now moot as it relates to Brady because purportedly the Court previously ordered the Government to comply with its obligations under Brady and its progeny. The Government generically objects to Defendant's Motions to the extent the Motions seeks materials beyond the requirements of Brady, Giglio, and their progeny.

The Government is correct in that it has previously been provided notice of its obligations under Brady and its progeny. On December 14, 2022, Defendant appeared before the Honorable David T. Schultz for Defendant's initial appearance. (Minutes [Docket No. 6]). The minutes for that hearing indicate that an "[o]ral Rule 5(f) Brady notice" was read on the record; however, the specific contents of that notice are not specified. (Id.). Moreover, on December 15, 2022, the undersigned issued an Order "remind[ing] the United States of its obligation to disclose to the Defendant all exculpatory evidence," including evidence favorable to Defendant which would fall within the authority of Brady and its progeny. (Order [Docket No. 8]).

The mere fact that the Government has been provided notice of its obligation to disclose evidence favorable to Defendant which would fall within the authority of Brady and its progeny

10

does not necessarily moot Defendant's present request. As an initial matter, neither notice to the Government of its obligation expressly ordered the Government to comply with said obligation. Although the contents of the December 14, 2022, oral notice are not on the record now before the Court, the December 15, 2022, Order only reminded the Government of its obligation rather than ordered the Government to comply with said obligation. Moreover, neither notice to the Government of its obligation provided the Government with a deadline by which it was required to comply with said obligation.

Therefore, to the extent it seeks materials responsive to Brady and its progeny, Defendant's Motion for Disclosure of Brady Materials, [Docket No. 36], is granted, as set forth herein. The Government will disclose any and all remaining and/or subsequently discovered, obtained, or obtainable material responsive to Brady to the Defense as soon as said responsive materials are discovered by the Government.[8]

As noted above Defendant also seeks materials responsive to Giglio and its progeny. The Government did not object to the disclosure of such materials.

Thus, Defendant's Giglio Motion, [Docket No. 35], is granted, as set forth herein. The Government will disclose materials which are responsive to Giglio and related to the impeachment of the Government's witnesses to be called at trial by no later than seven (7) days

---

[8] The Court notes that in Kyles v. Whitley, 514 U.S. 419 (1995), the United States Supreme Court "emphasized the discretion of the *prosecutor*, not the trial judge, in deciding what evidence is producible under Brady." United States v. Garrett, 238 F.3d 293, 304 n.4 (5th Cir. 2000) (emphasis added). The Sixth Circuit has also explained that "while the Brady rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment, the government typically is the sole judge of what evidence in its possession is subject to disclosure." United States v. Clark, 957 F.2d 248, 251 (6th Cir. 1992). That being said, "[i]f [the Government] fails to comply adequately with a discovery order requiring it to disclose Brady material, it acts at its own peril." Id. Accordingly, the Court encourages the Government to carefully evaluate the materials in its possession in light of a liberal understanding of its Brady obligations.

11

before trial or when the presiding trial judge requires disclosure of trial witnesses, whichever is earlier.[9]

## IV. Defendant's Motion for Disclosure of Grand Jury Materials. [Docket No. 37].

Defendant moves the Court for disclosure of all of the minutes and transcripts of the Grand Jury proceedings related to the present case, including the testimony of any witness who testified before the Grand Jury regardless of whether the Government intends to call said witness to testify at trial. (Def.'s Mot. [Docket No. 37]). Defendant ostensibly seeks immediate disclosure.

The Government objects to an Order of this Court compelling it to produce all Grand Jury materials. The Government argues that it cannot be required to produce said materials at this time.

The Courts have long recognized that proper functioning of the grand jury system depends upon protecting the secrecy of those proceedings. Douglas Oil Co. v. Petrol Stops Northwest, 411 U.S. 211, 218 (1979). In order to justify disclosure of grand jury materials, a defendant must make a showing of a "particularized need." Thomas v. United States, 597 F.2d 656, 658 (8th Cir. 1979); see United States v. Dukes, No. 15-cv-165 (JRT/LIB), 2015 WL 10382395, at *7 (D. Minn. Nov. 10, 2015); Price v. Viking Press, Inc., 115 F.R.D. 40, 42 (D. Minn. 1987).

Defendant here fails to offer any specific facts or circumstances that tend to establish the requisite particularized need. (See Def.'s Mot. for Disclosure of Grand Jury Materials [Docket No. 37]). The only assertion regarding any need that Defendant alleges is the generalization that the Grand Jury materials may assist the Court in making credibility determinations and said

---

[9] The Government's disclosure of materials responsive to Giglio and related to the impeachment of the Government's witnesses to be called at trial shall include the criminal history, if any, for each trial witness.

12

materials may contain inconsistencies. (See Id.). The speculation that Grand jury materials may hypothetically contain inconsistencies or may assist the Court in making credibility determination is merely a rephrasing of the assertion that the Grand Jury materials will help in the preparation of a defense. The general preparation of a defense alone, however, cannot be said to be a particularized need. See Thomas, 597 F.2d at 658. "Such 'fishing expeditions' do not provide sufficient grounds for disclosure prior to or at trial." Id. Something more than mere speculation is needed.

Accordingly, Defendant's Motion for Disclosure of Grand Jury Materials, [Docket No. 37], is denied.[10] Nevertheless, in its written response, the Government voluntarily agreed to produce to the Defense the Grand Jury transcripts for any witness it intends to call to testify at trial by no later than three business days before trial.

## V. Conclusion

Therefore, based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The Government's Motion for Discovery, [Docket No. 17], is **GRANTED in part** and **DENIED in part**, as set forth herein;

2. Defendant's Motion for Discovery and Inspection, [Docket No. 34], is **GRANTED in part** and **DENIED in part**, as set forth herein;

3. Defendant's Giglio Motion, [Docket No. 35], is **GRANTED**, as set forth herein;

4. Defendant's Motion for Disclosure of Brady Materials, [Docket No. 36], is **GRANTED**, as set forth herein; and

---

[10] The denial of this Motion does not excuse the Government from disclosing Grand Jury materials pursuant to its other discovery obligations, such as the Jencks Act, as well as, Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); and their progeny.

5. Defendant's Motion for Disclosure of Grand Jury Materials, [Docket No. 37], is **DENIED**.

Dated: March 30, 2023                                                  s/ Leo I. Brisbois
                                                          Hon. Leo I. Brisbois
                                                          U.S. MAGISTRATE JUDGE