UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-348 (JNE/LIB)

UNITED STATES OF AMERICA,

        Plaintiff,         **PLEA AGREEMENT AND SENTENCING STIPULATIONS**

v.

GALE ALLEN RACHUY,

        Defendant.

The United States of America and defendant Gale Allen Rachuy (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter referred to as "the United States"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

    1.    **Charge.** The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with Wire Fraud, in violation of Title 18, United States Code, Section 1343. The defendant fully understands the nature and elements of the crime with which he has been charged. The United States agrees that it will not charge the defendant with other crimes related to the conduct set forth herein.

    2.    **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Count 1 of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

SCANNED
MAY 10 2023
U.S. DISTRICT COURT MPLS

The defendant admits that from at least March 2022 through at least in or about April 2022, in the State and District of Minnesota and elsewhere, he, with the intent to defraud, devised and carried out the following scheme and artifice to defraud and obtain money and property by materially false and fraudulent pretenses, representations, omissions, and promises.

From approximately March 2022 through approximately April 2022, the defendant, a resident of Minnesota, admits he defrauded and attempted to defraud Victim A based on his false representation that he operated a law firm and would represent Victim A in a legal proceeding along with his purported law partners, former federal and state court judges, in exchange for $10,000 in legal fees. The objective of the scheme to defraud was for the defendant to obtain payment of money from Victim A for legal services relating to Victim A, and thereby enrich himself. In reality, neither the defendant's purported law firm nor the judges identified by the defendant would be assisting with Victim A's legal representation. It was part of this scheme to defraud that on or about March 15, 2022, Victim A transferred approximately $2,500 via wire transfer to the defendant, and that wire transfer passed through servers outside the State of Minnesota. The defendant admits that he caused a financial loss to Victim A as the result of this scheme and artifice to defraud.

The defendant admits that he acted voluntarily in devising and carrying out the above-described scheme and artifice, and that he knew his actions violated the law.

3. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

4. **Statutory Penalties.** The parties agree that Count 1 of the Indictment carries statutory penalties of:

    a. a maximum of 20 years' imprisonment;

    b. a maximum supervised release term of 3 years;

    c. a maximum fine of $250,000 or twice the gross gain or loss caused by the offense, whichever is greatest;

    d. a mandatory special assessment of $100; and

    e. an assessment to the defendant of the costs of prosecution,

imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920;

5. **Guideline Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties stipulate to the following Guideline calculations:

   a. **Base Offense Level.** The parties agree that the base offense level is 7. U.S.S.G. § 2B1.1(a)(1).

   b. **Specific Offense Characteristics.** The government contends that the intended loss in this case exceeds $6,500 but is less than $15,000, warranting a 2-level increase. U.S.S.G. § 2B1.1(b)(1)(B). The defendant does not agree with the government about intended loss. The parties agree that no other specific offense characteristics apply.

   c. **Chapter 3 Adjustments.** The parties agree that, other than the adjustment for acceptance of responsibility below, no other Chapter 3 adjustments apply.

   d. **Acceptance of Responsibility.** The Government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, the defendant understands and agrees that this recommendation is conditioned upon the following: (i) the defendant testifies truthfully during the change of plea hearing, (ii) the defendant cooperates with the Probation Office in the presentence investigation, and (iii) the defendant commits no further acts inconsistent with acceptance of responsibility. U.S.S.G. § 3E1.1.

   e. **Criminal History Category.** Based on information available at this time, the parties believe that the defendant's criminal history category is VI. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual

4

criminal history and related status (which might impact the defendant's adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

f. Guideline Range. If the government's position regarding loss is sustained by the Court, the total offense level is 7 (7 + 2 – 2 = 7), which, when combined with a criminal history category of VI, would result in a Sentencing Guidelines range of 15 – 21 months of imprisonment.

g. Fine Range. If the total offense level is 7, the fine range is $1,000 to $9,500. (U.S.S.G. § 5E1.2(c)(3)).

h. Supervised Release. The Sentencing Guidelines advise a term of supervised release of at least one year but not more than three years. (U.S.S.G. § 5D1.2(a)(2)).

i. Sentencing Recommendation and Departures. Both parties reserve the right to request a departure and/or variance from the advisory Sentencing Guidelines and to make sentencing recommendations pursuant to and in accordance with the sentencing factors set forth in 18 U.S.C. § 3553(a).

6. **Revocation of Supervised Release.** The defendant understands that if the defendant were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximum terms of imprisonment established by 18 U.S.C. § 3583(e).

7. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines that

the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this Agreement, and the defendant will be sentenced pursuant to the Court's determinations.

8. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

9. **Restitution.** The defendant understands and agrees that the Mandatory Restitution Act, 18 U.S.C. § 3663A, applies to this case, and that the Court is required to order the defendant to pay the maximum possible restitution to the victim of his crimes as provided by law. The defendant agrees to pay restitution in compliance with any restitution order entered by the Court.

The parties agree that the Court should enter a restitution order in the amount of $2,500 for the benefit of Victim A, based on the admissions made by the defendant in this plea agreement and the defendant's conviction on Count 1 of the Indictment.

10. **Forfeiture.** The defendant agrees that the United States reserves its right to forfeit, any and all property, real or personal, which constitutes or is derived from proceeds traceable to the defendant's conviction on Count 1 of the Indictment, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

The defendant agrees that the United States may seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p).

The defendant agrees that any forfeitures may, at the government's option, be completed through administrative, civil, or criminal forfeiture proceedings.

11. **Waiver of Appeal and Collateral Attack.** The parties are expressly aware that 18 U.S.C. § 3742, affords them the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made as part of this agreement, the parties hereby waive all rights conferred by 18 U.S.C. § 3742, to appeal the sentence imposed or the basis of conviction on any ground, except the defendant may appeal the sentence imposed if it is higher than the top of the applicable Guidelines range, and the United States may appeal the sentence imposed if it is lower than the bottom of the applicable Guidelines range. The defendant also understands his rights to file and seek a postconviction petition contesting his conviction or sentence and, except for a claim of ineffective assistance of counsel, the defendant knowingly and voluntarily waives all rights to contest the defendant's conviction or sentence in any postconviction proceeding, including one pursuant to 28 U.S.C. § 2255. The defendant has discussed these rights with the defendant's counsel and understands the rights being waived.

12. **Complete Agreement.** The defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with

any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

Date: 5-10-2023

ANDREW M. LUGER
United States Attorney

BY: CHELSEA A. WALCKER
HARRY M. JACOBS
Assistant United States Attorneys

Dated: 5-10-2023

GALE ALLEN RACHUY
Defendant

Dated: 5/10/2023

CHRISTOPHER W. KEYSER, ESQ.
Attorney for Defendant

8