# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
Case No. 22-cr-00348 (JNE-LIB)

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **DEFENDANT'S SENTENCING POSITION** |
| Gale Allen Rachuy, | ) ) ) |
| Defendant. | ) |

Gale Allen Rachuy, through counsel, submits the following memorandum supporting his request for a variance and imposition of a probationary sentence.

## Presentence Investigation Report

There are no objections to the Presentence Investigation Report ("PSR"). The parties agree, but do not stipulate, that Mr. Rachuy's criminal history category is VI. Mr. Rachuy agrees the applicable base offense level is 7 under USSG §2B1.1(a)(1). The plea agreement and PSR note Mr. Rachuy disagrees with a 2-level increase (specific offense characteristic) for an intended loss exceeding $6,500 but less than $15,000. Mr. Rachuy's position is that the 2-level increase applies due to intended loss, despite the actual loss being only $2,500. This factor will be argued at sentencing. Mr. Rachuy agrees the total offense level, with a 2-level reduction for acceptance of responsibility, is 7 as detailed in the PSR (Page 5). Mr. Rachuy's advisory guideline imprisonment range is therefore 15-21 months.

## Section 3553(a) Factors

The Court shall impose a sufficient sentence, but not one greater than necessary to comply with 18 U.S.C. §3553(a). While the sentencing guidelines are one of many factors the Court "shall

1

consider," they are solely advisory in nature. If the Court does not believe the guidelines appropriately reflect a sentence that is "not greater than necessary," it is free to reject the guidelines and impose a sentence it deems appropriate under all statutory sentencing factors, so long as that sentence is "sufficient." The sentencing guidelines are merely a starting point for the sentencing decision. *Gall v. United States*, 552 U.S. 38 (2007). A probationary sentence is appropriate for Mr. Rachuy on several grounds, including substantially over-represented criminal history category, his ongoing health problems, and his continued compliance while on conditional release for nearly a full year.

A. **Mr. Rachuy's criminal history category substantially over-represents the seriousness of his criminal history.**

There is no way around Mr. Rachuy's extensive criminal history. He has numerous adult convictions stemming from 1970 to 2017. However, his last felony conviction was September 2, **2010**, and his last misdemeanor conviction was July 8, 2017. These convictions are 13 and 6 years old, respectively. The bulk of Mr. Rachuy's criminal convictions predate 2010 and are more than a decade old. A downward departure may be warranted "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." Such a departure may be warranted "if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." *See* USSG Section 4A1.3, comment (n.3).

B. **Mr. Rachuy's health problems**.

A defendant's health problems may be grounds for a variance. *See United States v. Myers*, 503 F.3d 676, 687 (8th Cir. 2007) ("The district court did not abuse its discretion in finding that a shorter period of incarceration, with mental health treatment and supervised release, is the most

effective sentence."); *United States v. Almenas*, 553 F.3d 27, 37 (1st Cir. 2009) (affirming downward variance of 43 months below the bottom of the guideline range based on defendant's combination of physical and mental disabilities).

Mr. Rachuy reports suffering from an irregular heartbeat and three blocked valves, which may require a triple bypass surgery. He possibly has Stage 4 cancer in his lungs and stomach (his parents both died of cancer), a possible tumor in his throat, and poor eyesight. Mr. Rachuy is prescribed Gabapentin, Cephalexin, Eliquis, Omeprazole, Acetaminophen, Amlodipine, Anoro-Ellipta, Aspirin, Atorvastatin, Glipizide, Hydrochlorothiazide, Losartan, Metformin, Metoprolol Succinate, Torsemide, Albuterol Sulfate HFA, and Ozempic.

At age 73 and with a slew of ongoing ailments, it is unknown what Mr. Rachuy's remaining life-expectancy is. Remaining under supervision through probation will allow him to address and treat his health issues with less restriction. Candidly, if Mr. Rachuy has little time left to live, dying in custody will mark a sad and unfortunate end when other options ensuring he remains law-abiding are available.

C. **Need to protect the public from further crimes**.

The public can be protected from further crimes without sending Mr. Rachuy to prison. *See United States v. Grossman*, 513 F.3d 592, 597 (6th Cir. 2008) (affirming a downward variance from 120 to 66 months with ten years' supervised release, and observing that the sentencing court "accounted for Section 3553(a)'s concerns that the sentence protect society and deter future criminal conduct," but that "it opted to pursue those goals, not through a longer term of imprisonment, but through extensive counseling and treatment and an extensive period of supervised release").

Mr. Rachuy was released on a personal recognizance bond with pretrial supervision on December 19, 2022. Since then, Court granted multiple requests for changes in his release conditions, reducing Mr. Rachuy's restrictions. To date, he has complied with the Court's orders when given the opportunity to show he can follow the rules. He spent the last (almost) full year in full compliance while on release, indicating he will continue to comply if given the opportunity on probation/supervised release. As the Court knows, any violation of probation's rules is grounds to order Mr. Rachuy to a period of incarceration.

## **Conclusion**

Mr. Rachuy respectfully requests a probationary sentence excluding any period of confinement beyond credit for time served, which is a sufficient but not greater than necessary sentence. A probationary sentence will not unduly depreciate the seriousness of the offense when considering the unique characteristics of Mr. Rachuy and the offense itself.

Dated: November 29, 2023      Respectfully submitted,

/s/ Christopher W. Keyser
Christopher W. Keyser (0389361)
Grain Exchange Building, Suite 310M
400 South Fourth Street
Minneapolis, Minnesota 55415
612-338-5007
chris@keyserdefense.com